Keith G. Bremer, State Bar No. 155920
kbremer@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Plaintiff,
B.I.G. ENTERPRISES, a California corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.I.G. ENTERPRISES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SELECT ELECTRIC, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. **'15CV2635 BTM WVG**<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br><br>**2. CONVERSION**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**4. DECLARATORY RELIEF** |

PLAINTIFF B.I.G. ENTERPRISES ("PLAINTIFF") hereby alleges as follows:

## THE PARTIES

1. PLAINTIFF is, and at all times herein mentioned was, a California corporation authorized to conduct business in the State of California, with its principal place of business located in Los Angeles County, State of California.

2. PLAINTIFF is informed and believes, and thereon alleges that SELECT ELECTRIC, INC. ("DEFENDANT") is, and at all times herein mentioned was, a California corporation authorized to conduct business in the State of California, with its principal place of business located in San Diego County, State of California.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

3. The true names and capacities, whether individual, corporate, or otherwise, of Defendants DOES 1 through 100 inclusive are unknown to PLAINTIFF, who therefore sues such defendants by fictitious names, and PLAINTIFF will amend this Complaint to show their true names and capacities when they have been ascertained.

4. PLAINTIFF is informed and believes, and on that basis alleges, that all Defendants including the DOE defendants, are in some way responsible for the matters complained of herein.

5. PLAINTIFF is informed and believes, and on that basis alleges, that at all times relevant herein, each and every named and fictitiously named defendant herein, was the agent, employee or joint venturer of each of the other remaining defendants, and in doing the things herein alleged, acted within the scope, capacity, authorization and direction of each of the remaining defendants, while in defendants' employ, agency or joint venture.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action under 28 U.S.C. sections 1331 and 1338 because this action arises under the Copyright Act, 17 U.S.C. §§ 101 et. seq. Venue is proper in this District under 28 U.S.C. section 1400(a) because Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

7. PLAINTIFF is a premier manufacturer of security and revenue control booths.

8. DEFENDANT specializes in construction of transportation infrastructure projects.

9. PLAINTIFF is informed and believes, and thereon alleges that DEFENDANT has been awarded a contract to provide certain construction services relating to the project known as the SR-91 Corridor Improvement Project. PLAINTIFF is informed and believes, and thereon alleges that included within the

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

services DEFENDANT agreed to provide is the design and construction of two Manned Toll Utility Buildings ("TUB").

10. In the summer of 2014, PLAINTIFF and DEFENDANT discussed the possibility of PLAINTIFF constructing the TUB buildings. On or about July 18, 2014, DEFENDANT submitted a letter of intent correspondence to PLAINTIFF in which DEFENDANT stated that upon creation of a final design DEFENDANT would issue a formal purchase order for the construction of the TUB buildings.

11. At the time, PLAINTIFF indicated its interest in providing the design and construction services based on the general scope of work communicated by DEFENDANT to PLAINTIFF.

12. Over the next several months after the letter of intent was sent by DEFENDANT, PLAINTIFF submitted a series of drawings and plans for the construction of the TUB buildings. Once those plans were nearly final and were formally submitted to DEFENDANT, they were approved by the first design professional that reviewed them. Not content with this approval, DEFENDANT requested that a second design professional approve the plans. When this was done, DEFENDANT then requested that a third design professional approve the plans, this time a design professional of DEFENDANT's choosing. When the review by the third design professional was completed, the third design professional had requested dramatic changes to the plans which far exceeded the scope of the work originally described by DEFENDANT. When these changes were reported to PLAINTIFF, PLAINTIFF promptly advised the revised scope of work exceeded PLAINTIFF's capabilities and PLAINTIFF could not work towards completion of a contract with that revised scope of work.

13. The copyright as to the plans created and submitted by PLAINTIFF to DEFENDANT relating to the TUB buildings is owned by PLAINTIFF. Notwithstanding the same, on September 24, 2015 DEFENDANT advised PLAINTIFF it would be using the plans with or without PLAINTIFF's consent.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

H:\6193\001\PLD\Complaint.docx

PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT has been using PLAINTIFF's plans to work towards construction of the TUB buildings either on its own or with the help of third party subcontractors.

14. DEFENDANT's infringing conduct has deprived PLAINTIFF of the benefits of ownership of the copyright of the plans, and has caused or will continue to cause irreparable harm to PLAINTIFF unless DEFENDANT's conduct is enjoined.

## FIRST CAUSE OF ACTION
### (Copyright Infringement – As to All Defendants)

15. PLAINTIFF repeats and re-alleges the allegations contained in Paragraphs 1 through 14, inclusive, and incorporates the same as though set forth in full herein.

16. DEFENDANT has knowingly and willfully directly copied and reproduced the plans to construct the TUB buildings for its own commercial purposes.

17. DEFENDANT did not obtain written permission or any license from PLAINTIFF for the reproduction and distribution of the plans.

18. PLAINTIFF is informed and believes that DEFENDANT's infringing acts have been performed with knowledge of PLAINTIFF's copyrights and that such acts were committed intentionally and willfully.

19. By reason of DEFENDANT's willful infringement of PLAINTIFF's copyrights, PLAINTIFF has suffered substantial injury, loss, and damage in an amount to be proven at trial and DEFENDANT has unlawfully and wrongfully derived and will continue to derive income from its infringing acts.

20. If DEFENDANT's wrongful unauthorized use and distribution of the plans continues, PLAINTIFF will continue to suffer irreparable harm of a continuing nature for which there is no plain, speedy, or adequate remedy at law.

///

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

21. DEFENDANT's acts of copyright infringement will continue unless DEFENDANT is enjoined from committing further wrongful and infringing acts.

22. PLAINTIFF has also incurred and will continue to incur attorney's fees and costs as a result of DEFENDANT's infringement.

## SECOND CAUSE OF ACTION
### (Conversion – As to All Defendants)

23. PLAINTIFF repeats and re-alleges the allegations contained in Paragraphs 1 through 22, inclusive, and incorporates the same as though set forth in full herein.

24. PLAINTIFF has an ownership interest in plans to construct the TUB buildings.

25. PLAINTIFF is informed and believes, and thereon alleges that DEFENDANT intentionally used the plans for its own commercial purposes without securing the consent of PLAINTIFF.

26. By using the plans for its own commercial purposes without securing the consent of PLAINTIFF, DEFENDANT assumed control or ownership of the plans, and applied them to its own use.

27. As a proximate result of DEFENDANT's conversion, PLAINTIFF has been generally and incidentally damaged in an amount to be proven at the time of trial.

28. Furthermore, in doing the things herein alleged, DEFENDANT acted willfully and with the intent to cause injury to PLAINTIFF. Consequently, DEFENDANT is guilty of malice and/or oppression in conscious disregard of PLAINTIFF's rights, thereby warranting an award of punitive and exemplary damages in an amount to punish DEFENDANT and deter others from engaging in such similar misconduct.

///
///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

## THIRD CAUSE OF ACTION

### (Unfair Competition in Violation of California Business and Professions Code Section 17200 – As to All Defendants)

29. PLAINTIFF repeats and re-alleges the allegations contained in Paragraphs 1 through 28, inclusive, and incorporates the same as though set forth in full herein.

30. The California Unfair Business Practices Act defines unfair business competition to include any "unlawful" or "fraudulent" business act or practice.

31. As described herein, PLAINTIFF is informed and believes, and thereon alleges that the DEFENDANT is using PLAINTIFF's plans for the construction of the TUB buildings in violation of the Copyright Act.

32. DEFENDANT's acts and practices described herein constitute unfair and unlawful business acts and practices within the meaning of the California Unfair Business Practices Act as DEFENDANT's acts and practices herein described offend established public policy, because the harm they cause to consumers outweighs any benefits associated with those practices, and because the acts mislead consumers.

33. As a result of DEFENDANT's unfair business practices, PLAINTIFF is entitled to injunctive relief, restitution, and disgorgement of profits obtained by DEFENDANT as a result of its unfair business acts and practices.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief – As to All Defendants)

34. PLAINTIFF repeats and re-alleges the allegations contained in Paragraphs 1 through 33, inclusive, and incorporates the same as though set forth in full herein.

35. An actual controversy has arisen and now exists between PLAINTIFF and DEFENDANT regarding (i) whether DEFENDANT may use PLAINTIFF's plans for construction of the TUB buildings without PLAINTIFF's consent, (ii) whether PLAINTIFF and DEFENDANT have a contractual relationship whereby

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6

H:\6193\001\PLD\Complaint.docx

PLAINTIFF is obligated to construct the TUB buildings at issue, and (iii) whether PLAINTIFF is in breach of any contractual relationship by not constructing the TUB buildings at issue with the scope of work expanded by DEFENDANT.

36. PLAINTIFF desires a judicial determination of its rights and duties, and a declaration as to (i) whether DEFENDANT may use PLAINTIFF's plans for construction of the TUB buildings without PLAINTIFF's consent, (ii) whether PLAINTIFF and DEFENDANT have a contractual relationship whereby PLAINTIFF is obligated to construct the TUB buildings at issue, and (iii) whether PLAINTIFF is in breach of any contractual relationship by not constructing the TUB buildings at issue with the scope of work expanded by DEFENDANT.

37. A judicial declaration is necessary and appropriate at this time under the circumstances in order that PLAINTIFF may ascertain its rights and duties with respect to the plans and any contractual relationships with DEFENDANT.

38. To date, PLAINTIFF has been generally and incidentally damaged in an amount to be proven at the time of trial.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against Defendants as follows:

ON THE FIRST CAUSE OF ACTION:

39. For injunctive relief pursuant to 17 U.S.C. §502, including temporary, preliminary, and permanent injunctive relief, preventing Defendants from the unlawful conduct as described herein;

40. For actual or statutory damages and Defendants' profits pursuant to 17 U.S.C. § 504;

41. For enhanced damages for willful infringement pursuant to 17 U.S.C. § 504;

42. For prejudgment and post-judgment interest in the maximum amount allowed by law;

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

43. For attorney's fees pursuant to 17 U.S.C. § 505;

44. For all costs of suit incurred herein, if appropriate; and

45. For such other and further relief as the court may deem just and proper.

ON THE SECOND CAUSE OF ACTION:

46. For general and incidental damages in an amount to be proven at the time of trial;

47. For prejudgment and post-judgment interest in the maximum amount allowed by law;

48. For punitive and exemplary damages;

49. For all costs of suit incurred herein, if appropriate; and

50. For such other and further relief as the court may deem just and proper.

ON THE THIRD CAUSE OF ACTION:

51. For restitution;

52. For disgorgement of profits;

53. For injunctive relief, including temporary, preliminary, and permanent injunctive relief, preventing Defendants from the unlawful conduct as described herein;

54. For prejudgment and post-judgment interest in the maximum amount allowed by law;

55. For all costs of suit incurred herein, if appropriate; and

56. For such other and further relief as the court may deem just and proper.

ON THE FOURTH CAUSE OF ACTION:

57. For a declaration that DEFENDANT may not use PLAINTIFF's plans for construction of the TUB buildings without PLAINTIFF's consent;

58. For a declaration that PLAINTIFF and DEFENDANT have no contractual relationship whereby PLAINTIFF is obligated to construct the TUB buildings at issue;

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\6193\001\PLD\Complaint.docx

59. For a declaration that PLAINTIFF is not in breach of any contractual relationship by not constructing the TUB buildings at issue with the scope of work expanded by DEFENDANT;

60. For prejudgment and post-judgment interest in the maximum amount allowed by law;

61. For all costs of suit incurred herein, if appropriate; and

62. For such other and further relief as the court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury.

Dated: November 23, 2015

BREMER WHYTE BROWN & O'MEARA LLP

By: /s/ Benjamin L. Price
Keith G. Bremer
Benjamin Price
Attorneys for Plaintiff
B.I.G. ENTERPRISES, a California corporation